**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

| | |
|---|---|
| **MICHAEL MALONEY**, | ) |
| Plaintiff, | ) CASE NO. 1:20-CV-182 |
| v | ) HON. |
| **BORCULO GARAGE INC. d/b/a GRASSMID TRANSPORT**, | ) |
| Defendant. | ) |

C. Christopher Newberg (P79025)
RODENHOUSE LAW GROUP P.C.
Attorneys for Plaintiff
678 Front Avenue NW, Suite 176
Grand Rapids, MI 49504
(616) 451-4000
chris@rodenhouselaw.com

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Michael Maloney, by and through his attorneys, Rodenhouse Law Group PC, and for his Complaint against Defendant, Borculo Garage Inc. d/b/a Grassmid Transport, states the following:

### JURISDICTION AND VENUE

1. This is an action for violations of Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12112, *et seq.*, Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. 37.1101, *et seq.*, and the Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. 37.2101, *et. seq*.

1

2. Plaintiff, Michael Maloney, is a 71-year-old individual who resides in the City of Jenison, County of Ottawa, State of Michigan. Plaintiff was employed by Defendant Borculo Garage Inc. d/b/a Grassmid Transport ("Defendant" or "Grassmid Transport") until he was terminated on March 21, 2019.

3. Defendant Grassmid Transport is a Michigan corporation headquartered in the City of Zeeland, County of Ottawa, State of Michigan.

4. This lawsuit arises out of the Plaintiff's employment with Defendant and Defendant's discriminatory, retaliatory, and otherwise illegal treatment of Plaintiff, including the termination of Plaintiff's employment in May 2019.

5. Jurisdiction arises under 28 U.S.C. § 1331, as this case arises under the ADA, the FMLA, and the ADEA. Jurisdiction also arises under 28 U.S.C. § 1367 as Plaintiff's state law claims are factually related to the aforementioned federal claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

7. Plaintiff began working for Defendant on November 2, 1992.

8. At the time of his hiring, and up until his termination, Plaintiff worked as the "Safety Director" for Defendant. In that role, Plaintiff performed numerous day-to-day tasks for Defendant, including safety compliance work, Department of Transportation compliance work human resources work, administrative work, insurance work, and many other tasks related to Defendant's day-to-day functions.

9. Plaintiff was considered an exemplary employee the entire time he worked for Defendant and received bonuses for his high level of performance every year. To that extent, Plaintiff played a crucial role in rehabilitating Defendant's once-failing company and building that company into the successful entity it is today.

10. Plaintiff was diagnosed with stage 2 lymph node cancer on February 15, 2019.

11. Although Plaintiff's cancer diagnosis was considered treatable, Plaintiff still required extensive treatment, including numerous chemotherapy treatment sessions.

12. As a result of the lymph node cancer and the necessary chemotherapy treatment session, Plaintiff's white blood cell count was very low, and his immune system was significantly weakened.

13. Plaintiff's doctor advised to stop working while he received treatment or, at the very least, avoid unnecessary contact with others while he received treatment.

14. Plaintiff immediately informed Defendant of the diagnosis and requested reasonable accommodation in the form of reduced hours and a modified work schedule per his doctor's orders, which Defendant initially granted.

15. From February until mid-May 2019, Defendant allowed Plaintiff to work a schedule of at least twenty-five hours per week and come into the office after other employees left to avoid contact with co-workers.

16. In addition to working after hours at Defendant's office, Plaintiff also continued to perform a great deal of on-call work during normal business hours from home and via telephone as circumstances required.

17. Plaintiff utilized paid vacation time he accumulated over the prior years to supplement the remaining hours he was unable to work each week.

18. While on this modified work schedule, Plaintiff performed all the necessary work he performed for Defendant prior to his diagnosis and was at no time cited or criticized for anything related to his productivity or the quality of his work. Plaintiff continued to meet his

deadlines and was effectively able to perform his job at the same level he was performing prior to his cancer diagnosis.

19. On May 15, 2019, Plaintiff received the good news that he was cancer free.

20. However, Plaintiff's doctor informed him that he still required three more chemotherapy treatment sessions, the last of which was scheduled for June 28, 2019.

21. Accordingly, Plaintiff's doctor instructed him to continue working a modified work schedule until his immune system strengthened following the last chemotherapy treatment session on June 28, 2019.

22. On May 15, 2019, Plaintiff informed his superior, Matt Grassmid, that he was cancer free.

23. Plaintiff also indicated to Matt Grassmid that he was advised to continue his modified work schedule until after his last chemotherapy treatment session on June 28, 2019.

24. By all accounts, Plaintiff's superiors at Defendant employer were excited to hear that Plaintiff was cancer free and remained supportive of his continued fight.

25. However, on May 20, 2019, Defendant abruptly fired Plaintiff.

26. Shortly after the start of Plaintiff's after hours shift on May 20, 2019, Steve Grassmid, one of Plaintiff's supervisors, indicated that Plaintiff was fired because Defendant needed to replace him with someone who was willing to work full time.

27. Plaintiff, who was shocked by the news, immediately offered to resume his pre-cancer full time work schedule to avoid losing his job against his doctor's advice.

28. Steve Grassmid told Plaintiff that the decision was final and instructed Plaintiff to pack his belongings and go home right then and there.

29. Defendant sent Plaintiff a termination letter dated May 22, 2019 reiterating Steve Grassmid's position that Plaintiff was fired because of his failure to work a full-time schedule. The May 22, 2019 termination letter is attached as **Exhibit 1**.

30. Ultimately, Plaintiff's position was filled by Adam Grassmid and Darren Grassmid, much younger individuals who were less qualified to perform the various roles that Plaintiff assumed as Safety Director.

31. Prior to his termination, Plaintiff's superiors made numerous comments about how Plaintiff was "getting old" and urged him to retire rather than continue to work for Defendant.

32. Plaintiff filed a charge (Plaintiff's "Charge") with the Equal Employment Opportunity Commission ("EEOC") for disability discrimination, failure to accommodate, and age discrimination. Plaintiff's Charge was filed within 300 days of the commission of the unlawful employment practices alleged in this Complaint.

33. Plaintiff received notification of the Notice of Right to Sue letter from the EEOC on January 16, 2020 and has filed this Complaint within 90 days of receiving the EEOC's notice of the right to sue. Plaintiff's Notice of Right to Sue letter is attached as **Exhibit 2**.

## COUNT I
## DISABILITY DISCRIMINATION – ADA

34. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

35. At all relevant times, Plaintiff suffered from a disability as defined in 42 U.S.C. 12102.

36. Defendant was aware of Plaintiff's disability.

37. At all relevant times, Plaintiff was qualified for his position with Defendant, with or without reasonable accommodation, pursuant to 42 U.S.C. 12111(8).

38. Defendant terminated Plaintiff's employment on May 20, 2019 as a direct and proximate result of Plaintiff's disability.

39. After terminating Plaintiff, Defendant replaced him with a non-disabled, much younger individual.

40. As a result of the discrimination set forth above, Plaintiff suffered and will continue to suffer the damages set forth above.

41. This claim is actionable under the ADA, 42 U.S.C. §12101, *et seq*.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT II
## FAILURE TO ACCOMMODATE – ADA

42. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

43. Plaintiff is a qualified individual plaintiff is a qualified individual, pursuant to 42 U.S.C. 12111(8), with a disability as defined in 42 U.S.C. 12131(2).

44. Plaintiff proposed a reasonable accommodation to Defendant in the form of working a modified schedule whereby Plaintiff was to come into the office after hours to avoid

unnecessary contact with others while undergoing cancer treatment and perform other work from home via telephone, as circumstances required.

45. For several months, Defendant allowed Plaintiff to work a modified schedule and did not indicate to Plaintiff any hardship related to the modified schedule.

46. After Plaintiff indicated that he was cancer free but had to continue working the modified schedule due to his ongoing chemotherapy treatment sessions, Defendant abruptly terminated his employment citing the need for a full time Safety Director.

47. The reasonable accommodation requested by Plaintiff were once accepted by Defendant and did not cause any undue burden or hardship on Defendant's operations.

48. What's more, Plaintiff offered to disregard his doctor's instruction and resume a typical work schedule without accommodation, which Defendant refused.

49. Defendant conducted itself with malice and/or with reckless indifference to Plaintiff's federally protected right to reasonable accommodation.

50. As a result of Defendant's actions, Plaintiff was deprived of his right to reasonable accommodation as provided by the ADA, 42 U.S.C. 12111(9)(A)(B).

51. As a result of Defendant's failure to provide reasonable accommodation set forth above, Plaintiff suffered and will continue to suffer the damages set forth above.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT III
## RETALIATION – ADA

52. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

53. Plaintiff engaged in activity protected under the Americans With Disabilities Act as described above by, among other things, requesting reasonable accommodation and objecting when reasonable accommodations were not granted by Defendant.

54. When engaging in the protected activity, Plaintiff sincerely and reasonably believed that he was entitled to reasonable accommodation, and that Defendant had engaged in unlawful discrimination against him based upon his disability.

55. Defendant retaliated against Plaintiff for engaging in the activity as described in the preceding paragraphs, in violation of 42 U.S.C. 12203(a).

56. Defendant intimidated and/or threatened Plaintiff on account of him having exercised his rights under the Americans With Disabilities Act, in violation of 42 U.S.C. 12203(b).

57. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained substantial damages including but not limited to loss of earnings, mental anguish, physical and emotional distress, and humiliation and embarrassment.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT IV
## AGE DISCRIMINATION – ADEA

58. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

59. The ADEA makes it unlawful for employers and their agents "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

60. At the time of his termination, Plaintiff was 70 years old.

61. Plaintiff was qualified for the Safety Director and had performed the duties of his position since 1992.

62. Plaintiff has no disciplinary record with Defendant and was never criticized or cited for performance related issues.

63. Prior to his termination, Plaintiff was urged by superiors to retire early and spend more time with his wife at home.

64. After Plaintiff was terminated, a much younger, less qualified individual was hired to replace Plaintiff as Safety Director.

65. Defendant's violations of the ADEA were intentional and willful.

66. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained substantial damages including but not limited to loss of earnings, mental anguish, physical and emotional distress, and humiliation and embarrassment.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the

past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT V
## VIOLATION OF THE FMLA

67. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

68. Plaintiff is an eligible employee as defined by the FMLA.

69. Defendant is an employer as defined by the FMLA.

70. After Plaintiff was diagnosed with stage 2 lymph node cancer on February 15, 2019, Defendant approved Plaintiff request for reduced schedule leave under the FMLA.

71. As a result of Plaintiff's exercise of reduced schedule leave under the FMLA, Defendant terminated Plaintiff's employment without restoring him to his previous position or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

72. In failing to restore Plaintiff to his previous position, or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, Defendant violated Plaintiff's rights under the FMLA.

73. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained substantial damages including but not limited to loss of earnings, mental anguish, physical and emotional distress, and humiliation and embarrassment.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the

past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT VI
## FAILURE TO ACCOMMODATE – PDCRA

74. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

75. Plaintiff is a person with a disability as defined by MCL 37.1103(d).

76. Plaintiff notified Defendant in writing of the need for accommodation within 182 days after the he knew or reasonably should have known that an accommodation was needed. MCL 37.1210(18).

77. Although Defendant initially granted Plaintiff reasonable accommodation in the form of a modified work schedule, Defendant abruptly refused to allow Plaintiff to continue working on the modified schedule notwithstanding the fact that Plaintiff was cancer free and would not require further accommodation after his last chemotherapy treatment session on June 28, 2019.

78. What's more, Plaintiff offered to disregard his doctor's instruction and resume a typical work schedule without accommodation, which Defendant refused.

79. The reasonable accommodations Plaintiff proposed to Defendant as detailed above were possible and would not impose an undue burden upon Defendant.

80. As a result of Defendant's actions, Plaintiff was deprived of his right to reasonable accommodation under the PDCRA. Plaintiff has also suffered substantial damages, including, but not limited to loss of earnings, mental anguish, physical and emotional distress, and humiliation and embarrassment.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT VII
## DISABILITY DISCRIMINATION – PDCRA

81. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

82. Plaintiff is a disabled person within the meaning of the PDCRA who was at all relevant times qualified for his position with Defendant, with or without a reasonable accommodation.

83. As set forth in the preceding paragraphs, Defendant treated Plaintiff disparately from other similarly situated employees because of his disability.

84. Defendant discriminated against Plaintiff with respect to compensation and/or the terms, conditions, and/or privileges of his employment, MCL 37.1202(1)(a), (b), because of his disability.

85. Defendant, through its employees, agents, and/or officers, subjected Plaintiff to unwelcome conduct and communications on the basis of his disability, including terminating Plaintiff's employment.

86. The unwelcome conduct and communications Plaintiff was subjected to by Defendant was intended to, and/or in fact did, create an intimidating, hostile, or offensive work environment.

87. As a direct and proximate result of Defendant's disparate, discriminatory, and hostile treatment of Plaintiff as described above, Plaintiff has suffered substantial damages, including, but not limited to loss of earnings, mental anguish, physical and emotional distress, and humiliation and embarrassment.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT VIII
## RETALIATION – PDCRA

88. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

89. Plaintiff engaged in activity protected under the PDCRA as described above by, among other things, requesting reasonable accommodation and objecting when reasonable accommodations were not granted by Defendant.

90. When engaging in the protected activity, Plaintiff sincerely and reasonably believed that he was entitled to reasonable accommodation, and that Defendant had engaged in unlawful discrimination against him based upon his disability.

91. Defendant retaliated against plaintiff for engaging in the activity as described in the preceding paragraphs, in violation of MCL 37.1602(a).

92. Defendant attempted directly and/or indirectly to commit acts prohibited by the PDCRA.

93. Defendant intimidated and/or threatened Plaintiff on account of him having exercised his rights granted and/or protected under Article 5 of the PDCRA.

94. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained substantial damages including but not limited to loss of earnings, mental anguish, physical and emotional distress, and humiliation and embarrassment.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

### COUNT IX
### AGE DISCRIMINATION – ELCRA

95. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

96. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the ELRCA, M.C.L. 37.2101, *et seq*.

97. Plaintiff's age was at least one factor that made a difference in Defendant's decision to terminate his employment.

98. If Plaintiff was younger, he would not have been terminated.

99. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition by terminating Plaintiff's employment.

100. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

101. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

102. As a direct and proximate result of Defendant's disparate, discriminatory, and hostile treatment of Plaintiff as described above, Plaintiff has suffered substantial damages, including, but not limited to loss of earnings, mental anguish, physical and emotional distress, and humiliation and embarrassment.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits he suffered and that he will continue to suffer in the future, compensatory damages for all intangible damages that he suffered in the past and that he will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

Respectfully Submitted,

RODENHOUSE LAW GROUP


Dated: March 2, 2020 /s/ C. Christopher Newberg
C. Christopher Newberg (P79025)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MICHAEL MALONEY**, | )<br>) |
| Plaintiff, | )<br>) CASE NO.<br>) |
| v | ) HON.<br>) |
| **BORCULO GARAGE INC. d/b/a GRASSMID TRANSPORT**, | )<br>)<br>) |
| Defendant. | )<br>) |

C. Christopher Newberg (P79025)
RODENHOUSE LAW GROUP P.C.
Attorneys for Plaintiff
678 Front Avenue NW, Suite 176
Grand Rapids, MI 49504
(616) 451-4000
chris@rodenhouselaw.com

## **JURY DEMAND**

Plaintiff, Michael Maloney, by and through his attorneys, Rodenhouse Law Group PC, hereby demands a jury trial in the above-captioned matter.

Respectfully Submitted,

RODENHOUSE LAW GROUP

Dated: March 2, 2020                   /s/ C. Christopher Newberg
                                        C. Christopher Newberg (P79025)
                                        Attorney for Plaintiff

16